962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles C. HARRIS, Plaintiff-Appellant,
v.
ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, Susan B. Loving;
State of Oklahoma, Defendants-Appellees.
 Nos. 92-6012, 92-6021.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Charles Harris appeals, pro se, from a final district court order finding his cause of action frivolous and dismissing his complaint. We affirm.
 
 
 3
 Mr. Harris was granted leave to file a pro se complaint in forma pauperis. This complaint was purportedly filed under 28 U.S.C. § 2201 (Declaratory Judgment Act) and asserted Mr. Harris was deprived of due process, equal protection, and his Fifth Amendment right not to incriminate himself as a result of Oklahoma's implied consent statute. Mr. Harris sought $1.4 million from the Oklahoma Attorney General and asked for an injunction prohibiting the enforcement of the statute against Mr. Harris.
 
 
 4
 The record shows Mr. Harris is serving a ten-year prison sentence completely unrelated to this claim. Mr. Harris has previously filed two habeas actions concerning issues raised in his present complaint and this court adversely decided both. See Harris v. Scott, No. 90-6367 (10th Cir.1991), and Harris v. Allen, No. 89-6287 (10th Cir.1990). In each case we held habeas does not lie as Mr. Harris was not in custody pursuant to an alcohol related conviction.
 
 
 5
 In Mr. Harris's present complaint, Defendant Attorney General is sued both individually and "as actor under color of state law." Mr. Harris alleged no action by defendant beyond that associated with her role as state prosecutor.
 
 
 6
 Finding such a cause of action frivolous under Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir.1987), the district court noted that a complaint is dismissible under § 1915 where it sets out facts plainly demonstrating an affirmative defense. In the case before us, the affirmative defense is absolute immunity for activities associated with the judicial phase. The district court denied injunctive relief finding the Eleventh Amendment bars federal courts from entertaining a suit against a state by a citizen of the state. See Edelman v. Jordan, 415 U.S. 651 (1974).
 
 
 7
 The district court further reviewed Mr. Harris's history of pro se litigation, which is far more extensive than herein described, and directed Mr. Harris not to tender further in forma pauperis applications seeking relief from convictions entered prior to December 31, 1991.
 
 
 8
 Mr. Harris appeals pro se and argues only the constitutionality of Oklahoma's implied consent statute. Mr. Harris misperceives the law. The judgment of the district court is AFFIRMED for substantially the same reasons contained in the district court's judgment including the magistrate judge's findings and recommendations referred to in the judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3